**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

December 9, 2022

**Via ECF**

Hon. Jennifer L. Rochon
U.S. District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Grant v. City of New York*, 22-cv-10375-JLR

Dear Judge Rochon,

  We represent Plaintiff Earl Grant, who brings claims under 42 U.S.C. § 1983 and New York law against the City of New York and the Rikers corrections officers who assaulted him in September 2021.

  We write to seek expedited discovery so Mr. Grant can determine the full names of two officers whom he has been able to identify only by last name and badge number, as well as seven John Doe officers who participated in the incident. Further, we seek to identify any other officer(s) involved in the use of force and/or compel the release of the full use of force package and Investigation Division report, so that any additional Defendants may be identified. Finally, we seek leave to amend the Complaint once all Defendants are identified.

  We are serving this letter motion on the New York City Law Department by hand and by email, along with the Complaint.

**Background**

  On September 16, 2021, while incarcerated at Rikers Island, Mr. Grant was unjustifiably assaulted by numerous Rikers Island corrections officers, resulting in a dislocated jaw and multiple broken bones in his nose, among other injuries. *See generally* Compl. (Dkt. #1). The Defendants responsible for the attack include a female deputy warden with the last name Jones (shield number 33), a male officer with the last name Mendez (shield number 5560), and seven male John Doe officers.

  The statute of limitations on Mr. Grant's claims against the City will expire on December 15, 2022. *See* CPLR 217-a.

**Argument**

  Mr. Grant requires early discovery so he can timely name all proper defendants

Kaufman Lieb Lebowitz & Frick                                          December 9, 2022
Page 2 of 3

before the expiration of the statute of limitations. This information is within the City's possession and poses little burden for them to obtain.

Under Federal Rule of Civil Procedure 26(d)(1), a party can seek discovery before the Rule 26(f) Conference only "when authorized by these rules, by stipulation, or by court order."

Courts in the Second Circuit have employed two tests for determining whether there is good cause for an expedited discovery request. *See Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011) (explaining the two tests). The first is a "reasonableness standard, which requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, 06-CV-3013 (JS) (AKT), 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006) (quotation omitted). The second is a four-part balancing test, which mirrors the standard for a preliminary injunction:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

Mr. Grant satisfies both tests. The request for expedited discovery is reasonable under all the circumstances here, given the minimal burden of identifying any unknown Defendants and Mr. Grant's demonstrable need to identify them in order to timely commence litigation. Furthermore, there will be irreparable injury if Mr. Grant cannot identify all the officers correctly, because under Federal Rule of Civil Procedure 15(c)(1)(C), Mr. Grant has only 90 days from the date of filing his complaint to identify and serve them. Otherwise, any amendment may not relate back to the date of the original filing. Moreover, Mr. Grant is likely to succeed on the merits, given his straightforward allegation that he was beaten up for no reason and sustained broken bones as a result. Expedited discovery of the full names of the relevant officers involved will completely avoid possible irreparable injury to Mr. Grant's claims. And there is very little burden on the City of New York, which, in pro se cases, is regularly required to identify officers in similar situations. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).

Therefore, we respectfully request that the City of New York be ordered to identify the full names of Deputy Warden Jones and Officer Mendez, as well as the seven John Doe officers, and to provide the names of any additional officers involved in the use of force. In the alternative, we request the Court provide leave to serve a so-ordered subpoena requiring the City of New York to provide this information or produce documents that contain this information.

Kaufman Lieb Lebowitz & Frick                                               December 9, 2022
Page 3 of 3

      Finally, we request leave to amend the Complaint once all Defendants are identified. Thus, the future Amended Complaint would be deemed filed as of the date of this motion. *See Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.").

                          Sincerely,

                          /s/

                        Alison Frick
                        Samuel Barr

The Court has reviewed Plaintiff's Letter-Motion. The Court is disinclined to grant Plaintiff's requested relief without first hearing from Defendant City of New York ("Defendant NYC"), especially because Plaintiff cites no authority in which a court has granted such relief under similar circumstances. Additionally, Plaintiff has not met and conferred with Defendant about his discovery request, as is required by the Court's Individual Rule 2.E. The Court acknowledges Plaintiff's purported need to proceed expeditiously with this request, but finds that there is not good cause to rule without Defendant's input. Moreover, any sense of urgency appears to be of Plaintiff's own making given the filing of this lawsuit near the end of the purported statute of limitations (the Court takes no position at this time on the statute of limitations), and that delay undercuts Plaintiff's claim of irreparable harm and the reasonableness of his request.

Accordingly, Plaintiff shall serve this Order on Defendant City of New York and file proof of such service by **December 16, 2022**. The parties shall then have a good-faith meet and confer, pursuant to the Court's Individual Rule 2.E., by **December 21, 2022**. Defendant shall file a response to the Letter-Motion by **December 23, 2022**, including as to Plaintiff's discovery requests and request for leave to amend the Complaint.

Dated: December 14, 2022
       New York, New York

SO ORDERED

*[Signature: Jennifer Rochon]*

JENNIFER L. ROCHON
United States District Judge