UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL GRANT,<br><br>                                Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 1:22-cv-10375 (JLR)<br><br>**NOTICE OF INITIAL<br>PRETRIAL CONFERENCE<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff commenced this action on December 8, 2022 (ECF No. 1) and filed a letter-motion on December 9, 2022 (ECF No. 6) seeking expedited discovery of the John Doe defendants' identities and leave to file an amended complaint once those identities are discovered. Defendant City of New York ("Defendant") filed a response letter on December 23, 2022 (ECF No. 12), opposing Plaintiff's letter-motion and requesting, with Plaintiff's consent, an extension of its time to answer.

      **1. Plaintiff's Letter-Motion and Defendant's Response**

      Plaintiff has not demonstrated that its requests for expedited discovery and leave to amend its complaint are warranted. As the Court stated in its December 14, 2022 Order, Plaintiff's purported urgency in seeking expedited discovery in this case appears to be of Plaintiff's own making. *See* ECF No. 9. Plaintiff has not shown that it acted diligently to discover the identities of the John Doe defendants prior to filing its letter-motion on December 9, 2022. Assuming that the statute of limitations ran on Plaintiff's state law claims on December 15, 2022, Plaintiff's filing of the Complaint and letter-motion only a few days earlier would not have afforded sufficient time to conduct expedited discovery before the statute of limitations expired. And expedited discovery now is unnecessary. The statute of limitations on Plaintiff's federal claim will not expire until September 2024. *See* ECF No. 12 at 2. In sum, Plaintiff's delay in bringing the lawsuit, failure to show diligence in timely seeking the John Doe defendants' identifies, and request for expedited discovery on the eve of a purported statute of limitations undermine the reasonableness and urgency of Plaintiff's request for immediate discovery and leave to amend the complaint. *See* ECF No. 9 at 1-2.

      Defendant seeks, with Plaintiff's consent, an extension of time to answer so that Defendant may investigate the incident. In exchange for this consent, Defendant agreed to notify Plaintiff within 45 days if it has received the Use of Force report arising from the alleged incident. *See* ECF No. 12.

      Accordingly, Defendant's time to answer or otherwise respond to the Complaint is hereby extended to **February 28, 2023**. In light of this extension and Defendant's agreement to

notify Plaintiff if it receives the Use of Force report within 45 days, if the names of the John Doe Defendants are identified in the Use of Force report, Defendant shall provide that information to Plaintiff prior to February 28, 2023.  Plaintiff's request for leave to amend is denied without prejudice to renewal after the John Doe defendants are identified.

## 2. Initial Pretrial Conference

Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on **March 9, 2023** at **11:00 a.m.**  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-jennifer-l-rochon**.  All parties are required to register promptly as filing users on ECF.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference.  Additionally, in accordance with Paragraph 2.D of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **seven calendar days before the conference date**.  The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at **https://www.nysd.uscourts.gov/hon-jennifer-l-rochon**.

The joint letter shall not exceed three (3) pages, and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief explanation of why jurisdiction and venue lie in this Court.  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).  If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least **48 hours** before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

## CONCLUSION

As stated above, the Court GRANTS in part and DENIES in part Plaintiff's letter-motion and GRANTS Defendant's request for an extension of time. The Clerk of Court is respectfully directed to terminate ECF No. 6. Counsel for all parties shall appear for an initial pretrial conference **March 9, 2023** at **11:00 a.m.** and comply with all requirements set forth herein.

Dated: December 27, 2022
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge